UNITED STATES of America,
Plaintiff–Appellee,

v.

Vicente ROCHA–HERNANDEZ,
Defendant–Appellant.

No. 04–50452.

Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided June 22, 2005.

Joseph H. Gay, Jr, Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Vicente Rocha–Hernandez appeals the sentence imposed following his guilty plea conviction for illegal reentry into the United States following deportation. Rocha–Hernandez was sentenced to a term of imprisonment of 57 months to be followed by three years of non-reporting supervised release.

Rocha–Hernandez argues for the first time on appeal that in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court plainly erred in sentencing him under a mandatory guideline system based on facts that were not admitted by Rocha or found by a jury. He contends that the district court's comments at sentencing indicate that it would have imposed a different sentence if it had sentenced him under an advisory guideline scheme.

Rocha's claim that the district court plainly erred by enhancing his sentence based on facts not determined by a jury and which he did not admit is unavailing because he failed to show that "the sentencing judge—sentencing under an advisory scheme rather then a mandatory one—would have reached a significantly different result." *See United States v. Mares*, 402 F.3d 511, 520–522 (5th Cir. 2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517). His argument that the district court's application of the guidelines as mandatory was error also fails because he did not show that the district court would have imposed a different sentence had the guidelines been advisory only. *See United States v. Valenzuela–Quevedo*, 407 F.3d 728, 732–34 (5th Cir. 2005).

Rocha concedes that the issue whether his sentence under 8 U.S.C. § 1326(b)(1) & (b)(2) was rendered unconstitutional by *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and subsequent Supreme Court precedent is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), and he raises it solely to preserve it for further review by the Supreme Court. *Apprendi* did not overrule *Almendarez–Torres*. *See Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). We therefore must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to over-

---

rule it." *Dabeit,* 231 F.3d at 984 (internal quotations and citation omitted).

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under